IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William T. Coleman, # 287408, | ) | C/A No.: 0:12-1909-JFA-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Rock Hill Municipal Court; Judge Ray Long; Judge Jane Modlz; and Unknown Rock Hill Municipal Court Defendants, | ) | |
| Defendants. | ) | |

William T. Coleman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Kirkland Correctional Institution ("KCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He brings this action against the Rock Hill municipal court, two of its judges, and unnamed court employees/officials, alleging violations of 42 U.S.C. § 1983.[1] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). No other viable basis for the exercise of this court subject matter jurisdiction over Plaintiff's allegations is evident from the face of the complaint.

I.      Factual and Procedural Background

Plaintiff is serving a three-year sentence entered in York County on a conviction for possession of a weapon. SCDC, *Inmate Locator*, https://sword.doc.state.sc.us/scdc-public/ (last consulted October 30, 2012). Plaintiff seeks to sue the Rock Hill Municipal Court, two of its judges, and unnamed persons connected to that court, claiming that defendants violated his constitutional rights in relation to his municipal court cases. [Entry #1-2 at 3]. He claims that he was the victim of excessive bail set by Judge Ray Long in 2008, that he was subjected to a unreasonable search and seizure, and that he was illegally tried in his absence in March 2012. *Id*. at 4. According to Plaintiff, the municipal court case resulted in convictions for driving under suspension, open container, falsifying information, and failure to dim lights. *Id*. He asks this court to award him damages and to set aside his municipal court convictions. *Id*. at 5.

II.     Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff seeks to recover damages from participants in a criminal case that resulted in four convictions against him. Plaintiff's complaint contains no allegations that any of the convictions have been overturned or set aside through a successful appeal, post-conviction relief application, or federal habeas corpus petition. The allegations of wrongdoing that Plaintiff makes against defendants are serious enough that, if true, they would invalidate the convictions ultimately entered against Plaintiff. However, in *Heck v.*

3

*Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Specifically, the *Heck* Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). It is well-settled that *Heck* also applies to cases where relief other than damages are requested. *See, e.g.*, *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

A favorable determination on the merits of Plaintiff's claims in this § 1983 action would necessarily imply that his municipal court convictions are invalid. Therefore, because Plaintiff has neither demonstrated nor alleged that he successfully challenged the lawfulness of his municipal court convictions, his allegations that his constitutional rights

4

were violated during the court process should be dismissed because a right of action has not accrued.[2]

Moreover, to the extent Plaintiff seeks for his municipal court cases to be overturned, such relief is more appropriately presented on direct appeal to state appellate courts and/or the post-conviction relief court.

III. Conclusion

For the foregoing reasons,[3] it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

October 30, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] The limitations period will not begin to run until the cause of action accrues. See *Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

[3] There are additional grounds each defendant may be subject to dismissal, such as judicial immunity and lack of state action. However, because the holding in *Heck* is dispositive of the issue, the undersigned has not addressed each basis for dismissal.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).